**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RYAN R. RAMEY,**
    **Plaintiff,**

v.                                                 **Civil Action No. 1:14-cv-179**
                                                       **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**
    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the motion to dismiss filed by Defendant, the Commissioner of Social Security ("Defendant" or "Commissioner"), on March 11, 2015. (Docket No. 32.) *Pro se* Plaintiff Ryan R. Ramey ("Plaintiff") filed his response on April 13, 2015. (Docket No. 36.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on November 14, 2014. (Docket No. 7.)

### I.    Contentions of the Parties

*A.    Plaintiff's Complaint*

On September 7, 2014, Plaintiff submitted to the Social Security Administration ("SSA") a request for: (1) "all records" under his name, Social Security number, and the red number printed on the reverse of his Social Security card, which he claims is a separate "Agency I.D."; (2) his "original social security application"; (3) information and policies concerning the use of the "Agency I.D.", which he claims is used to identify him to third parties in connection with other benefits or trust accounts; and (4) information about trust agreements and insurance policies naming him or using his "Agency I.D." (Docket No. 8-1 at 1-2.) Plaintiff requested this information for "amendment, deletion and/or expungement of all records maintained by your agency referencing the above subject." (Id. at 1.)

On October 10, 2014, the SSA responded to Plaintiff's request. The SSA told Plaintiff that the number appearing on the back of Social Security cards is used "for security and control purposes to prevent fraud and counterfeiting", and that there are "no statutes or regulations governing the control number and it has no public use." (Docket No. 8-2 at 1.) The SSA also provided instructions on how Plaintiff could properly request information about his Social Security number record, including his original application or a computer extract of such, which would require that Plaintiff pay a fee. (Id. at 1-2.)

On October 18, 2014, Plaintiff submitted a "clarification" letter to the SSA. Plaintiff insisted that there was a "private use, meaning inter- or intra-agency usage" of the red number of the back of his Social Security card. (Docket No. 8-3.) He stated that the existence of the red number indicated that an account existed that "would have to be managed by a third-party banking agency, presumably the Comptroller of Currency or the Federal Reserve or other third-party." (Id.) Plaintiff reiterated his request for the appropriate form to "submit documentation to amend the original social security application." (Id.)

In his Complaint, Plaintiff asserts that Defendant "failed to disclose privacy act/FOIA information concerning the plaintiff," in violation of 5 U.S.C. §§ 552 and 552a, "within the statutorily prescribed period." (Docket No. 8 at 6.) Plaintiff claims that he was injured because he was deprived of "the ability to amend, delete and/or expunge the requested information, pursuant to 5 U.S.C. § 555g(d)(1)." (Id. at 7.) He believes that the information requested "has and is being disseminated to third-parties in the management of his social security account and future benefits thereof." (Id.) As relief, Plaintiff requests specific performance of his September and October, 2014, FOIA/Privacy Act requests as well as "reimbursement of filing fees and other expenses in

connection with this suit." (Id. at 8.)

**B.     *Defendant's Motion to Dismiss***

Defendant argues that Plaintiff's Complaint should be dismissed for the following reasons:

1.   Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies; and

2.   Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

(Docket No. 33 at 5-10.)

**C.     *Plaintiff's Response***

In response, Plaintiff argues that Defendant failed "to address the premise of the suit–the failure to respond within the statutory prescribed period of 21 days." (Docket No. 36 at 1.) Plaintiff claims that, while the SSA did respond to his October 18, 2014, letter on February 23, 2015, the response was untimely and therefore does not deprive the Court of subject-matter jurisdiction.[1] (Id. at 2.) Plaintiff further asserts that he presented a proper FOIA request on September 7, 2014, and that Defendant has failed to respond. (Id. at 2-5.) He asks that the Court grant his Complaint and order Defendant to pay his filing fee and "associated costs with this suit in the additional amount of $60.00." (Id. at 5.)

---

[1] In its February 23, 2015, letter, Defendant informed Plaintiff that the red letters and numbers on the back of his Social Security card are not associated with any account, have no "public use," and do not refer "to the Comptroller of the Currency, the Federal Reserve, or other third parties." (Docket No. 33-1 at 7-8.) Defendant also provided Plaintiff with information on how Social Security numbers are assigned, and noted that his number was not issued through the Enumeration at Birth program, but rather from an application processed in February 1991. (Id. at 8.) Defendant further informed Plaintiff that he had provided no documentation that the information contained in Defendant's system of record was inaccurate or incomplete, and that he had not followed proper procedures to either obtain a copy of his original application for a Social Security card or to amend the information in his original application. (Id. at 8-9.)

## II. Standard of Review

### A. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Under the Freedom of Information Act ("FOIA"), federal courts "ha[ve] jurisdiction to enjoin the agency from withholding agency records and to order production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Accordingly, federal jurisdiction depends upon "a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). Under the Privacy Act, the "district courts of the United States shall have jurisdiction" if an agency (1) "refuses to comply with an individual request under subsection (d)(1) of this section"; (2) improperly maintains a record to the detriment of the individual; or (3) declines to amend an erroneous record. 5 U.S.C. § 552a(g)(1). Accordingly, jurisdiction under the Privacy Act is also subject to whether an agency has records about an individual within its system of records that are subject to a request for access or amendment.

Generally, under the FOIA, a plaintiff must first exhaust administrative remedies prior to seeking judicial review. Schwarz v. F.B.I., 31 F. Supp. 2d 540, 542 (N.D. W. Va. 1998) (citing Spannaus v. U.S. Dep't of Justice, 824 F.2d 52 (D.C. Cir. 1987)). "[A] plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request–and thus properly seek judicial review regarding that request–and yet not have exhausted her remedies with respect to another aspect of a FOIA request." Dettman v. U.S. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986). Generally, under the FOIA, an agency must respond within twenty (20) business days. See 5 U.S.C. § 552(a)(6). However, failure to comply with the time limits means that the requester is "deemed to have exhausted his administrative remedies" and can file a civil action in federal court. Id. §

4

552(a)(6)(C)(I).

Unlike the FOIA, however, the Privacy Act contains no timing provision for responses from agencies. See 5 U.S.C. § 552a(f). Furthermore, "the Privacy Act contains no equivalent to FOIA's 'constructive exhaustion' provision." Pollack v. Dep't of Justice, 49 F.3d 115, 116 n.1 (4th Cir. 1995). Therefore, when requesting documents under the Privacy Act, an individual must first exhaust administrative remedies before filing suit in federal court. Id.; see also Quinn v. Stone, 978 F.2d 126, 137 (3d Cir. 1992) (holding that there is an administrative exhaustion requirement for suits under § 552a(g)(2)(A), for correction of records, but not for suits under § 552a(g)(4), for damages).

## B.  *Motion to Dismiss for Failure to State a Claim*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief."

Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable," id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

### III.     Analysis

Because Plaintiff is proceeding *pro se*, the Court is obligated to hold his Complaint to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Upon review of Plaintiff's Complaint, the undersigned has determined that he is essentially raising two (2) claims. First, Plaintiff is requesting that the Court order Defendant to provide him a copy of his Social Security application to allow him to amend information contained in such application. Second, Plaintiff is requesting that the Court order Defendant to provide all records

maintained under his name, Social Security number, and the red number printed on the reverse of his Social Security card. The undersigned has considered each in turn below.

### A. *Request for and Amendment of Social Security Application*

As noted above, Plaintiff claims that Defendant failed to provide information concerning his Social Security number application and that such failure injured him because he has been unable to amend, delete, or expunge the requested information. Defendant claims that the Court lacks subject matter jurisdiction over this claim because Plaintiff failed to follow proper procedures to request his application. (Docket No. 33 at 6-7.)

As an initial matter, in his response, Plaintiff claims that the Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(6)(C)(I), which provides that a requester is "deemed to have exhausted his administrative remedies" under the FOIA when an agency fails to respond in a timely matter. However, Plaintiff's claim is that Defendant failed to provide information concerning his Social Security application so that he could amend, delete, or expunge the requested information. Given that, the undersigned finds that Plaintiff's claim falls under the Privacy Act, which provides individuals the right to access and seek corrections contained in an agency's system of records, pertaining to them, subject to exemptions. See generally 5 U.S.C. § 552a.

Unlike the FOIA, the Privacy Act contains no timing provision for responses from agencies. See 5 U.S.C. § 552a(f). Also, because the "Privacy Act contains no equivalent to FOIA's 'constructive exhaustion' provision," Pollack, 49 F.3d at 116 n.1, individuals must first exhaust administrative remedies under the Act before filing suit for document requests or correction of records, id.; Quinn, 978 F.2d at 137. Here, as relief, Plaintiff seeks specific performance of his requests; accordingly, he needed to exhaust his administrative remedies before filing this suit.

7

Attached to the Government's memorandum in support of its motion to dismiss is a Declaration executed by Mary Ann Zimmerman, Acting Deputy Executive Director for the Office of Privacy and Disclosure in the Office of the General Counsel at the Social Security Administration. (Docket No. 33-1 at 2-5.) By letter dated October 10, 2014, Defendant informed Plaintiff that he could receive a photocopy of his application or a computer extract of the information contained in the application provided that he pay the appropriate fee. (Id. at 3.) Instead of doing so, however, Plaintiff mailed a "clarification" dated October 18, 2014. (Id.) Defendant could not provide Plaintiff with his application or a computer extract "because he did not follow the proper procedure for requesting this information, including payment of a fee." (Id. at 4.) As of March 6, 2015, Plaintiff still had not sent a proper request for his application. (Id. at 5.)

Given that Defendant never received a proper request from Plaintiff for his application, the undersigned finds that Plaintiff never exhausted his administrative remedies for this claim. Therefore, the Court lacks subject matter jurisdiction over this claim. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted as to this claim.

### B.     *Request for Records*

Plaintiff's second claim is that Defendant improperly withheld all records maintained under his name, Social Security number, and the red number printed on the reverse of his Social Security card. He also requested information and policies concerning the use of the red number, and information about trust agreements and insurance policies naming him or using the red number (what he referred to as the "Agency I.D.").

By letter dated October 10, 2014, Defendant informed Plaintiff that the red number on the back of his Social Security card was a control number with no public use. (Docket No. 33-1 at 3.)

Plaintiff responded by a "clarification" letter dated October 18, 2014,

> demonstrating that he either did not understand or would not accept SSA's response to his FOIA request as being true. He insisted that his understanding was correct, and that there was a "private use, meaning inter- or intra-agency usage" of the red number on the back of his Social Security card and whether "this control number . . . is disclosed to any other agencies or third-parties as either a unique identifier or cross-reference, or other use, with or without reference to my social-security number." He further stated that, by necessity, the existence of the red number indicated there existed an account that "would have to be managed by a third-party banking agency, presumably the Comptroller of Currency or the Federal Reserve or other third-party."

(Id.) However, Defendant could not conduct a search or provide information in response to Plaintiff's request "because these numbers are not associated with any third-party account and do not refer to the Comptroller of the Currency, the Federal Reserve, or other third parties, and, therefore, SSA maintains no policy or procedure for use of the numbers in this manner." (Id. at 4.) By letter dated February 23, 2015, Defendant again told Plaintiff that the red number on the back of his card was not associated with any-third party account; that it did not refer to the Comptroller of the Currency, the Federal Reserve, or other third parties; and that no such third-party bank or trust account had bene established. (Id. at 4, 8.)

The undersigned agrees with Defendant that Plaintiff has failed to state a claim upon which relief can be granted. Defendant has informed Plaintiff multiple times that the information he has requested does not exist. The Court cannot direct Defendant to produce information that simply does not exist. Accordingly, Defendant's motion should be granted as to Plaintiff's second claim.[2]

### IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motion to

---

[2] Plaintiff has requested reimbursement of filing fees and other expenses; however, he is not entitled to litigation costs because he did not "substantially prevail" on the merits of his claim. See 5 U.S.C. §§ 552(a)(4)(E), 552a(g)(2)(B).

dismiss (Docket No. 32) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** from the docket of this Court.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: April 22, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE