IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RYAN R. RAMEY,**

        **Plaintiff,**

**v.**                    //     **CIVIL ACTION NO. 1:14CV179**
                                     **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

On October 21, 2014, the pro se plaintiff, Ryan R. Ramey ("Ramey"), filed a complaint under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, seeking information about his social security application and the control number on the back of his social security card (Dkt. No. 8).[1] On March 11, 2015, the defendant, the Commissioner of Social Security ("the Commissioner"), moved to dismiss Ramey's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the Court lacks jurisdiction because Ramey failed to exhaust his administrative remedies under the Privacy Act before filing suit (Dkt. No. 32). According to the Commissioner, the Social Security

---

[1] Ramey originally named as defendants the Internal Revenue Service and the Commissioner of the Internal Revenue Service (Dkt. No. 1). On November 24, 2014, Ramey sought leave to withdraw the IRS defendants from the case, which the Court granted (Dkt. No. 16).

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

Administration ("SSA") has repeatedly advised Ramey that the records he seeks do not exist, precluding relief under FOIA. Id.

On April 22, 2015, the Honorable John S. Kaull, United States Magistrate Judge, issued a report and recommendation ("R&R") recommending that the Court grant the Commissioner's motion to dismiss and dismiss the case without prejudice (Dkt. No. 38). Ramey objected to the R&R on May 1, 2015 (Dkt. No. 40). For the reasons discussed, the Court **ADOPTS** the R&R, **GRANTS** the Commissioner's motion to dismiss, and **DISMISSES** the case **WITHOUT PREJUDICE**.

**BACKGROUND**

The Court accepts the facts in the complaint as true for purposes of the motion to dismiss. See Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 601 (4th Cir. 2015). On September 7, 2014, Ramey submitted a FOIA and Privacy Act request to the SSA, seeking "all records and/or date [sic] contained in the files of your agency, and specifically maintained under the above listed name and/or Agency I.D. . . . ." (Dkt. No. 8-1 at 1). Ramey specifically sought seven categories of records, all relating to the control number he refers to as the "agency I.D.," which is printed on the back of his social security card: (1) the policy

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY                          1:14CV179**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

and procedure for issuance of the control number printed on the back of his social security card with red ink; (2) any files or cross-references within the SSA, any other agency, or any third-parties of his social security number and agency I.D.; (3) his original social security application, along with the date it was generated and chain of custody information; (4) specific disclosure of the significance of the agency I.D. printed on the back of his social security card; (5) confirmation of whether the agency I.D. cross-references to any other account, third-party organization, or agency; (6) any trust agreements containing his identifying information; and, (7) any insurance policy naming him or his identifying information. Id. at 1-2. Ramey sought these records "specifically for amendment, deletion and/or expungement of all records maintained by your agency referencing the above subject." Id. at 1.

On October 10, 2014, the SSA responded to Ramey's request, informing him that the vendor who supplies the SSA with card stock for social security cards uses the number printed on the back of the card in red ink for "security and control purposes to prevent fraud and counterfeiting" (Dkt. No. 8-2). Each social security card contains a unique control number. Id. Because the number has

3

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**                      **1:14CV179**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

"no public use," "[t]here are no statutes or regulations governing the control number." Id. The SSA informed Ramey that it would send him an original photocopy of his application for a social security card if he followed the correct procedure, which includes paying a fee. Id.

On October 18, 2014, Ramey responded to the SSA's letter, asking whether the agency had "any private use" for the control number, or disclosed it to other agencies or third parties (Dkt. No. 8-3). Ramey believes that the control number is linked to an account "managed by a third-party banking agency, presumably the Comptroller of Currency or the Federal Reserve or other third-party." Id. He sought the policy or procedure "governing these matters," and again requested a copy of his social security application, as well as the appropriate form to amend his social security application. Id.

On February 23, 2015, the SSA responded to Ramey's October 18, 2014, letter, again informing him that the control number on the back of his card is only used by the card vendor to track blank social security cards (Dkt. No. 33-1 at 7). In the past, the control number was not associated with a social security number. Id. Now, however, the SSA shows the control number in its

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY                    1:14CV179**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

electronic record of a person's social security number. Id. The SSA clarified that the letters and numbers comprising the control number "have no special significance. They do not refer to the Comptroller of the Currency, the Federal Reserve, or other third parties." Id. at 8. The SSA was therefore unable to provide Ramey with the documents he requested. Id.

The SSA also informed Ramey that his social security number was generated from an application processed in February, 1991, and instructed him on the proper procedure for obtaining a copy of that application. Id. at 8, 9. It noted that, should Ramey want to amend the information in his social security application, he would need to complete the correct form, which it enclosed. Id. at 9.

On October 21, 2014, Ramey filed suit in this Court, seeking specific performance of his FOIA and Privacy Act requests, and filing fees and expenses (Dkt. No. 1; Dkt. No. 8 at 8). On March 11, 2015, the Commissioner moved to dismiss Ramey's complaint for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction (Dkt. No. 32). The Commissioner argued that the Court lacks subject matter jurisdiction because Ramey failed to exhaust his administrative remedies under the Privacy Act before filing suit (Dkt. No. 33 at 1-2). She also

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

contends that Ramey has failed to state a claim because the SSA does not use control numbers to refer to third-party accounts; the information requested by Ramey therefore does not exist. Id. at 2.

On April 22, 2015, Magistrate Judge Kaull issued his R&R, recommending that the Court dismiss Ramey's complaint without prejudice because the Court lacks subject matter jurisdiction and the complaint fails to state a claim (Dkt. No. 38). Ramey objected to the R&R on May 1, 2015, arguing that the SSA had failed to respond to his "FOIA request" within the statutorily prescribed period of time (Dkt. No. 40).[2] Ramey contended that this Court retains jurisdiction because the SSA admitted that it maintains an electronic record containing the control number. Id. The Commissioner responded to Ramey's objections on May 4, 2015, reiterating the conclusions of Magistrate Judge Kaull (Dkt. No. 41). Ramey filed a reply on May 11, 2015, waiving "his claims pertaining to the FOIA request EXCEPT for the requests concerning

---

[2] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.Supp. 825 (E.D. Cal. 1979). Because Ramey objected to the conclusions in the R&R, the Court will review the same de novo.

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**                              1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

the vendor-control number" (Dkt. No. 42 at 2). Ramey admitted that he did not submit a proper form to obtain his social security application, but argued that he "did submit a proper claim for the electronic record pertaining to the vendor-control number," therefore entitling him to "receive this record pursuant to the Privact [sic] Act." Id. The matter is now fully briefed and ripe for disposition.

## LEGAL STANDARDS

### I. Pro Se Pleadings

Because Ramey is acting pro se, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A pro se complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**                              **1:14CV179**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

**II. Motion to Dismiss**

In reviewing the sufficiency of a complaint under Fed. R. Civ. P. 12(b)(6), a district court must accept the factual allegations in the complaint as true. Zak, 780 F.3d at 601. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007)(quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Dismissal under 12(b)(6) is appropriate if the face of the complaint "clearly

8

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013)(quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011)(internal citations omitted)).

## APPLICABLE LAW

### I. FOIA

FOIA provides that an agency must make certain records available to a member of the public who submits a proper request.[3] 5 U.S.C. § 552(a). The agency must determine whether it will comply within twenty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency must "immediately notify the person making [t]he request" whether it will comply, and advise the requester as to his right to appeal any adverse determination. Id. If the requester appeals, the agency must decide any appeal within twenty working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii). If the agency denies the appeal, it then notifies the requester of his right to seek judicial review. A would-be FOIA plaintiff must first exhaust administrative remedies before seeking judicial

---

[3] Requesters must "reasonably describe" the records they seek, and follow "published rules stating the time, place, fees (if any), and procedures to be followed . . . ." 5 U.S.C. § 552(a)(3)(A).

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**         **1:14CV179**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

review. Schwarz v. Fed. Bureau of Investigation, 31 F. Supp. 2d 540, 542 (N.D.W. Va. 1998) (internal citations omitted). Id. An agency's failure to comply with the time limits, however, means that the requester is "deemed to have exhausted his administrative remedies." 5 U.S.C. § 5(a)(6)(C)(i).

Federal jurisdiction under FOIA hinges on a showing that the agency improperly withheld agency records. Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). The word "withheld" "presupposes the actor's possession or control of the item withheld." Id. at 151. "[FOIA] does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." Id. at 152.

Federal courts have jurisdiction under FOIA to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). If the complainant "substantially prevails" in litigation under the FOIA, courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred . . . ." 5 U.S.C. § 552(a)(4)(E)(i).

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**                           1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

## II. <u>The Privacy Act</u>

Under the Privacy Act, agencies that maintain a system of records must allow a requester to access records or "any information pertaining" to the requester contained in the system. 5 U.S.C. § 552a(d)(1). The requester may "review the record and have a copy made . . . ." <u>Id.</u> A requester may seek amendment of a record pertaining to him, following which the agency has ten working days to either make the requested amendment, or inform the requester of the refusal. 5 U.S.C. § 552a(d)(2).

A requester who disagrees with the agency's refusal may seek review of the decision. 5 U.S.C. § 552a(d)(3). Within thirty days of the review request, the agency must "complete such review and make a final determination." <u>Id.</u> If the agency refuses to amend the record in accordance with the request, it must notify the requester of the provisions for judicial review. <u>Id.</u>

Requesters must first exhaust administrative remedies before filing suit in federal court. <u>Pollack v. Dep't. of Justice</u>, 49 F.3d 115, 116 n.1 (4th Cir. 1995). Requesters may bring a civil action in federal district court if the agency (1) decides not to amend an individual's record or fails to review the request; (2) refuses to comply with an individual request; (3) fails to maintain

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**                    1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

an accurate, relevant, timely, and complete record as to any individual that subsequently leads to a determination adverse to the individual; or, (4) fails to comply with the Privacy Act. 5 U.S.C. § 552a(g)(1). As under FOIA, courts may order the United States to pay reasonable attorney fees and other reasonable litigation costs if the complainant "has substantially prevailed." 5 U.S.C. § 552a(g)(2)(B).

## ANALYSIS

### I. Social Security Application

In the R&R, Magistrate Judge Kaull found that the Court lacked subject matter jurisdiction to consider Ramey's claim that he failed to receive his social security application (Dkt. No. 38 at 7-8). Because Ramey sought specific performance of his request, he needed to exhaust his administrative remedies before filing suit. Id. at 7; see Quinn v. Stone, 978 F.2d 126, 137 n. 22 (3d Cir. 1992)(holding that the exhaustion requirement under the Privacy Act applies to suits for specific performance, but not to suits for damages).

According to the Commissioner, Ramey failed to follow the correct protocol to receive or amend his social security application (Dkt. No. 33-1 at 2-5), which would divest this Court

12

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**                               1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

of jurisdiction. Ramey later admitted that he had failed to submit a proper request for his social security application (Dkt. No. 42 at 2). The Court therefore finds that Ramey failed to exhaust the applicable administrative remedies before filing suit, and **GRANTS** the Commissioner's motion to dismiss as to Ramey's claims regarding his social security application. See Quinn, 978 F.2d at 137.

## II. Request for Records

Magistrate Judge Kaull found that Ramey had failed to state a claim that the SSA improperly withheld records maintained under his name, social security number, and vendor control number because such records did not exist (Dkt. No. 38 at 38). Ramey objected to this conclusion, but later waived all claims except "for the requests concerning the vendor control number" (Dkt. No. 42 at 2).

Ramey contends that he "did submit a proper claim for the electronic record pertaining to the vendor-control number and is entitled to receive this record pursuant to the Privact [sic] Act." Id. Ramey insists that the SSA has disclosed the "electronic record" to third parties, and seeks a listing of those third parties as well. Id. He argues that the Commissioner's October 10, 2014, response did not answer his request, "which specified private use by asking for disclosure of the vendor-control number

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

to any third-parties" (Dkt. No. 40 at 2). Ramey indicates that he wants this electronic record "for the purpose of amendment/deletion/expungement within the prescribed 21-day period. . . ." Id. at 3.

As an initial matter, to the extent Ramey seeks to amend, delete, or expunge records within a system of record maintained by the SSA, his claim falls within the purview of the Privacy Act, and not the FOIA.[4] 5 U.S.C. §§ 552a(d)(2); 20 C.F.R. § 402.15(a)-(b). Importantly, Ramey's failure to abide by the administrative procedure set forth in the Privacy Act requires dismissal of his claim. Pollack, 49 F.3d at 116 n. 1; Quinn, 978 F.2d at 137.

In his original request, Ramey sought "the policy and procedure for issuance" of the vendor control number, any files or cross-references of the number, specific disclosure of the significance of the number, confirmation as to whether the number is associated with any accounts, and whether any trust agreements or insurance policies name the number (Dkt. No. 8-1 at 1-2). In

---

[4] The twenty-day timeline applicable to FOIA requests does not apply to Privacy Act requests. 5 U.S.C. §§ 552a(d). Rather, the SSA is obligated to acknowledge Ramey's request, in writing, within ten days of receipt, and either make the requested correction, or inform Ramey of its refusal to honor his request. 5 U.S.C. § 552a(d)(2)(A)-(B).

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

his October 18, 2014, letter to the SSA, Ramey asked whether the agency had any private use for his control number, "meaning inter- or intra-agency usage," and whether the SSA disclosed the control number to other agencies (Dkt. No. 8-3 at 1).

In response, the SSA explained that no policy or procedure exists regarding the control number, as it has no public use (Dkt. No. 8-2 at 1). It further explained that the control number is not associated with any third-party account, and that no trust accounts had been established (Dkt. No. 33-1 at 3). Rather, "[i]t is essentially an inventory control number used by the [SSA] and our vendor to track blank Social Security card stock." Id. at 7. The SSA also noted that, as it issues new cards, it shows the control number on the electronic record of a person's social security number. Id.

Much of Ramey's claim relates to information that simply does not exist. The Court cannot order the Commissioner to produce policies, procedures, trust accounts, and insurance policies that do not exist. See Kissinger, 445 U.S. at 150-52. To the extent Ramey is seeking the electronic record linking his social security number to the control number for purposes of amendment or deletion, he has failed to properly request the same under the Privacy Act.

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY**  1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

Ramey must follow the provisions of 20 C.F.R. § 401.40, which include (1) specifying which systems of records are to be searched; (2) providing sufficient particulars to distinguish between records on individuals with the same name; (3) providing identifying information, including the system of records and the name and social security number under which the record is filed; and, (4) mailing such request to the manager of the SSA system of records, or visiting the local SSA office.  20 C.F.R. § 401.40(a)-(c).  Because Ramey has failed to exhaust his administrative remedies under the Privacy Act, including making a proper request and seeking agency review, the Court lacks subject matter jurisdiction over the case.  Pollack, 49 F.3d at 116 n. 1.

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 38), **OVERRULES** Ramey's objections, **GRANTS** the Commissioner's motion to dismiss (Dkt. No. 32), and **DISMISSES** the case **WITHOUT PREJUDICE**. It **DENIES** Ramey's request for attorney fees and filing fees, as he has not substantially prevailed in the case.  5 U.S.C. § 552a(g)(2)(B).

It is so **ORDERED**.

**RAMEY V. COMMISSIONER OF SOCIAL SECURITY** 1:14CV179

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT
AND RECOMMENDATION (DKT. NO. 38), GRANTING DEFENDANT'S MOTION TO
DISMISS (DKT. NO. 32), AND DISMISSING CASE WITHOUT PREJUDICE**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested. It further **DIRECTS** the Clerk to remove this case from the Court's active docket.

Dated: November 17, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE